## COOL v. McDILL.

[No. 5,848. Filed October 12, 1906.]

1. PLEADING.—*Complaint.—Construction.—Doubt.*—A pleading, in cases of doubt, will be construed most strongly against the pleader. p. 622.

2. SAME.—*Complaint.—Theory.—Construction by Trial Court.*—A complaint will be construed on appeal according to the construction adopted and acquiesced in by the parties at the trial. p. 623.

3. TRIAL. — *Complaint.—Theory.—Evidence.—Variance.*—Where the complaint proceeds upon a definite theory and the evidence shows a substantially different one to be true, no recovery is permitted. p. 623.

4. CONTRACTS. — *Construction.—Enforcement.*—Contracts should be enforced according to the intention reasonably deduced from the language thereof. p. 623.

5. SAME.—*Construction.—Interpretation.*—In the construction thereof a contract should be considered as a whole; and the evidence may be considered, as giving a correct viewpoint for its interpretation, not for the purpose of changing the contract but of enforcing it in its true intent. p. 623.

6. SAME.—*Not to Engage in Business.—Clerkship.*—A contract by a person dealing in second-hand goods "not to engage in the business of conducting a second-hand store or to buy or sell second-hand goods" in his home city, does not prevent him from clerking for another dealer in second-hand goods in such city. p. 624.

From Boone Circuit Court; *Samuel R. Artman,* Judge.

Suit by Byron M. Cool against John McDill. From a decree for defendant, plaintiff appeals. *Affirmed.*

*Palmer & Palmer,* for appellant.

*Leonard J. Curtis,* for appellee.

BLACK, J.—This was a suit brought by the appellant against the appellee. The decision on the trial being in favor of the appellee, the appellant moved for a new trial, and the question as to the sufficiency of the evidence is presented here. May 23, 1904, the appellee having been for some years engaged in the business of conducting a second-hand store—buying and selling second-hand goods—in the city of Frankfort, Clinton county, the parties hereto entered into a contract in writing, whereby the appellee agreed to sell and the appellant agreed to buy the stock of second-hand goods then contained in a certain building in that city, the possession of the goods to be delivered on the payment of the purchase price in cash, which was to be arrived at by inventory, the appellee to deliver to the appellant a perfect title to the goods with an affidavit that they were the execlusive property of the appellee, that he was the sole owner and had a right to sell them, and that there were no incumbrances, mortgages or other liens upon any of them, the appellant to take all the goods then in said premises unless the parties should otherwise agree. The contract contained the following provision:

> "Said McDill also agrees not to engage in the business of conducting a second-hand store or to buy or sell second-hand goods in said city, at any time in the future while said Cool is engaged in said business."

Thereupon the sale was consummated, the appellant paying the sum of $508 as the purchase price; and the appellant, from the time of the sale, continued said business in said premises, and was still so doing at the commencement of the suit and at the time of the trial.

The suit was for an injunction, and not for damages; and looking to the complaint for allegations of acts of the appellee in which he was still engaged, we find the 1. pleading quite obscure and uncertain, and, to some extent, evasive. It is, however, capable, when construed most strongly against the pleader, of being taken as

charging that the appellee was engaged in the business of conducting at said city a second-hand store and of buying and selling second-hand goods, being the owner or part owner of the store and business and goods, but carrying on the business in the name of another person named, who either had no real interest or was only a part owner. This seems to have been the view of the complaint taken by the parties on the trial, wherein the appellant sought to prove such proprietorship, and the appellee sought to prove that he was not an owner or a part owner, but was an employe working for weekly wages for another person who was the owner of the second-hand store and business, to whose orders as employer the appellee was subject. The court manifestly regarded the evidence as sufficiently establishing the position so taken by the appellee on the trial.

The proof, therefore, failed to correspond with the allegations of the complaint, as so construed; and for this reason we cannot say that the finding was not sustained by sufficient evidence, for the plaintiff must recover only upon some definite theory shown in his complaint. He cannot proceed upon one theory and recover upon a substantially different one.

A meaning consistent with reasonableness should be ascribed to the language of the contract, if it will admit thereof, and with such meaning, if fairly attributable, the contract should be enforced.

The first thing is to ascertain the intention of the parties, and in seeking it the whole contract should be considered, the several parts of which should be regarded as having been intended to be in harmony with each other and as having been included to subserve a consistent purpose. The nature of the transaction and the character of the interests to be protected may be considered, and the situation and business of the parties and their relation to each other may be ascertained, and the court

may properly put itself, by means of evidence, in the point of view occupied by the parties when they made the contract, not for the purpose of changing the contract as expressed in writing, but for the purpose of enforcing it according to its true intent. See *Merica* v. *Burget* (1905), 36 Ind. App. 453.

Considering the language of the restraining provision before us in connection with all other portions of the contract, and looking from the standpoint of the parties 6. as seller and buyer of the stock in trade and business of a second-hand store in the city where the seller with his family had resided for many years and continued thereafter to reside, where, in the language used by the appellant in his pleading, the appellee for several years before the sale to the appellant "was engaged in buying and selling second-hand goods and conducting a second-hand store," we think the provision that the appellee agreed "not to engage in the business of conducting a second-hand store or to buy or sell second-hand goods in" that city, taken in the ordinary sense of the language in such a connection, may be regarded as meaning that the appellee should not resume what he was thus quitting by going into business as he had been in it, and thus competing by his own rival business with the business of the second-hand store which he was selling. There is no reason to suppose that more than this was in the minds of both the contracting parties. If more had been intended, and if it had been the purpose to restrain the appellee from taking employment at periodical wages, from another proprietor conducting another second-hand store, without appellee's having any ownership of the goods or commission on business done or interest in profits or losses, it may be supposed that ordinarily something to such effect would have been inserted; and it is an intention consistent with the ordinary meaning of the language that must be sought.

Language used by a physician or lawyer or other person who has sold out merely the business of exercising his personal skill might be sufficient to restrain him from taking employment, which when used of a person who sold out the goods and business of a mercantile establishment would not be regarded as restraining him from taking employment from another merchant. The court will not, for the purpose of extending the restraint, imply a meaning which cannot reasonably be regarded as within the intention of both the parties.

We need not decide whether such additional restraint, preventing the appellee from taking employment, if fairly within the meaning of the parties, would be reasonable and consistent with public policy.

Judgment affirmed.